# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA *ex rel.* | ) | |
| WINFRED OLIVER, | ) | |
| | ) | |
| Petitioner, | ) | Civil Action No.: 07 C 2546 |
| | ) | |
| v. | ) | Suzanne B. Conlon, Judge |
| | ) | |
| EDDIE JONES, Warden, | ) | |
| Pontiac Correctional Center, | ) | |
| | ) | |
| Respondent. | ) | |

## MEMORANDUM OPINION AND ORDER

### BACKGROUND

Oliver was convicted of two counts of predatory criminal sexual assault of a child and sentenced to two consecutive 50-year terms in prison. The Illinois appellate court affirmed the conviction and the Illinois Supreme Court denied Oliver's petition for leave to appeal. Oliver filed a *pro se* post-conviction petition claiming, among other grounds, ineffectiveness of appellate counsel. The trial court dismissed the post-conviction petition.

Through counsel, Oliver appealed the dismissal of his post-conviction petition; the appeal raised only two issues. Oliver disagreed with his counsel's evaluation of the appealable issues and moved for leave to withdraw appellate counsel, proceed *pro se*, or in the alternative file a supplemental *pro se* brief. Oliver's motion was denied and the trial court's judgment affirmed. The Illinois Supreme Court denied Oliver's subsequent petition for leave to appeal.

Oliver filed this *pro se* petition for a writ of *habeas corpus* alleging three claims of ineffective assistance of appellate counsel, as well as a violation of his due process rights. A fifth

claim was voluntarily dismissed.

## DISCUSSION

### I.     Standard of Review

A petition for writ of *habeas corpus* will not be granted on any claim adjudicated on the

merits by a state court unless the adjudication resulted in a decision that was: (1) contrary to, or

unreasonably applied federal law as established by the United States Supreme Court; or (2) based

on an unreasonable determination of the facts in light of the evidence presented. 28 U.S.C. § 2254

(d). For relief based on an unreasonable application of United States Supreme Court doctrine, the

state court's decision must be both incorrect and unreasonable. *Washington v. Smith*, 219 F.3d 620,

628 (7th Cir. 2000).

### II.     Ineffective Assistance of Counsel

#### a.     Procedural Default

The state argues that Oliver procedurally defaulted the three ineffectiveness of counsel claims

in his *habeas* petition because they were never adequately presented through one complete round of

review in the state courts. The state contends the three ineffective assistance of counsel claims are

fundamentally different than the two ineffectiveness claims raised by appellate counsel in his post-

conviction appeal. On post-conviction appeal, Oliver argued that appellate counsel on direct appeal

was ineffective for two reasons: (1) for not raising the issue that trial counsel was ineffective for

failing to demand trial when a fitness examination order was not complied with within 30 days; and

(2) for not notifying the appellate court that it had erroneously relied on a statute that did not apply

to Oliver's case. In the present *habeas* petition, Oliver argues that appellate counsel on direct appeal

was ineffective for three different reasons: (1) for failing to argue that the trial court erred in ordering

2

the fitness examination because no *bona fide* doubt of fitness existed; (2) for failing to raise a "supersede" argument regarding the fitness examination proceedings (according to Oliver, this would have made the delays between the orders unchargeable to him for purposes of the Illinois Speedy Trial Act); and (3) for failing to argue that trial counsel was ineffective for failing to protect Oliver's speedy trial rights by not raising certain objections.

The state relies on *Stevens v. McBride*, 489 F.3d 883 (7th Cir. 2007). In *Stevens*, a *habeas* petitioner procedurally defaulted one of his ineffectiveness of counsel claims even though he had raised ineffectiveness claims to the state courts based on *other* grounds. *Id.* at 894. Claims are adequately presented to a state court only if the petitioner has presented both the operative facts and the legal principles controlling each claim. *Id.* It was not until he filed his federal *habeas* petition that Stevens claimed his trial counsel was ineffective for failing to pursue a defense of "guilty but mentally ill" in addition to an insanity plea. *Id.* at 893. Throughout his post-conviction proceedings in state court, Stevens referred to his mental illness defense in general terms or in terms specific to an insanity defense. *Id.* at 894. The Seventh Circuit found that the state courts had not been sufficiently alerted to an issue that Stevens claimed his counsel was ineffective because he failed to assert the guilty but mentally ill defense. *Id.* Therefore, the claim was procedurally defaulted. *Id.*; *see also Lewis v. Sternes*, 390 F.3d 1019 (7th Cir. 2004) (petitioner failed to raise all of his ineffectiveness of counsel claims in his post-conviction appeal, even though they had been asserted in his post-conviction petition; claims were all procedurally defaulted).

The state's reliance on *Stevens* is misplaced. Unlike Stevens, Oliver raised all of his ineffectiveness of counsel claims in his *pro se* post-conviction petition. None of Oliver's claims are raised for the first time in his *habeas* petition. It was Oliver's post-conviction appellate counsel who

3

decided to pursue only two ineffective assistance of counsel issues on appeal. Oliver disagreed with his counsel's strategy and implored counsel to address all of his claims. When counsel refused, Oliver filed a motion with the state appellate court requesting that appellate counsel be withdrawn or, alternately, that he be granted leave to supplement his counsel's brief with the claims of ineffectiveness of counsel raised in this petition. State Ex. S. The appellate court summarily denied Oliver's motion and affirmed the trial court's judgment. State Exs. U, M. Oliver subsequently filed a *pro se* petition for leave to appeal to the Illinois Supreme Court, which again raised all of his ineffectiveness of counsel claims. State Ex. X.

Oliver attempted to present each of his ineffectiveness claims at every stage of the state appellate process. While only two ineffectiveness claims were raised in his post-conviction appeal, Oliver adequately notified the state appellate court of his additional claims in his motion for leave to file a supplemental brief. Furthermore, all of Oliver's ineffectiveness claims were raised in his post-conviction petition, as well as in his petition for leave to appeal to the Illinois Supreme Court. Each level of the state appellate system was sufficiently alerted to the operative facts and legal principles controlling each of Oliver's ineffectiveness claims and had an opportunity to consider the claims. *Stevens*, 489 F.3d at 894. Accordingly, Oliver's ineffective assistance of counsel claims are not procedurally defaulted and will be reviewed on the merits. *See* 28 U.S.C. § 2254(b)(1); *O'Sullivan v. Boerckel*, 526 U.S. 838 (1999).

**b.    Merits**

The state failed to address the merits of Oliver's ineffectiveness claims in its answer, even though it was granted a 30-day filing extension. In order to prove ineffective assistance of counsel, Oliver must establish that (1) his counsel's representation fell below an objective standard of

reasonableness, and (2) that any ineffectiveness prejudiced him and rendered the outcome of his appeal fundamentally unfair and unreliable. *See Mason v. Hanks*, 97 F.3d 887, 892-893 (7th Cir. 1996) (citing *Strickland v. Washington*, 466 U.S. 668, 687 (1984)) (performance of appellate counsel is assessed using *Strickland* standard).

Effective advocacy does not require appellate counsel to raise every potential non-frivolous argument. *Mason*, 97 F.3d at 893. It is the province of appellate counsel to "winnow[] the potential claims so that the court may focus on those with the best prospects." *Id.* (quoting *Page v. United States*, 884 F.2d 300, 302 (7th Cir. 1989)) (internal quotations omitted). A review of Oliver's brief on direct appeal reveals that appellate counsel vigorously advocated on Oliver's behalf and raised numerous issues. State Ex. B (Pet. Br.). In fact, appellate counsel's lead argument – that Oliver's two consecutive 50-year prison terms be reversed – persuaded the appellate court to vacate the sentences and remand for resentencing. State Ex. A (*People v. Oliver*, No. 1-00-2089 (Ill. App. Dec. 12, 2002)). While Oliver's conviction was ultimately affirmed, it is clear that appellate counsel reasonably reviewed the pretrial and trial records and strategically decided which issues to present on appeal. *Mason*, 97 F.3d at 894 (federal courts "do not second guess the plausible, strategic decisions that appellate attorneys make in deciding which issues to pursue on behalf of their clients").

Oliver contends that appellate counsel on direct appeal acted unreasonably by: (1) not arguing that the trial court erred in ordering a fitness examination because no *bona fide* doubt of fitness existed; (2) not raising a "supersede" argument regarding the fitness examination proceedings (according to Oliver, had counsel made this argument the speedy trial term would not have been tolled and he would have been released); and (3) not raising ineffectiveness of trial counsel for trial

5

counsel's failure to protect his speedy trial rights during the fitness examination proceedings.

Counsel has discretion in making strategic case decisions. *Strickland*, 466 U.S. at 689. When evaluating appellate counsel's decision not to raise specific issues, courts presume that the challenged action was sound strategy. *Id.*; *Stevens*, 489 F.3d at 890. Oliver fails to overcome this presumption on his three ineffectiveness claims.

It was reasonable for appellate counsel not to raise the issue that the trial judge erred when he ordered the fitness examination. First, Oliver's own appellate brief concedes "there was a *bona fide* doubt about his competence" to represent himself at trial. State Ex. B (Pet. Br. at 51). The record reflects that the trial judge ordered the fitness examination only after finding Oliver's proposed plea agreement and motion to proceed *pro se* "bizarre . . . rambling . . .[and] mak[ing] no sense." *Id.* at 13. Furthermore, the argument underlying this claim is directly contrary to the argument proffered by counsel on direct appeal: Oliver was entitled to a new trial because the trial court erred in allowing him to represent himself. *Id.* at 49. Appellate counsel made a tactical decision regarding which issue to pursue on appeal and is entitled to a presumption that it was sound legal strategy. *Stevens*, 489 F.3d at 890.

Even if appellate counsel had argued that the trial judge incorrectly ordered the fitness examination, there is no reasonable probability that the outcome would have been different. *Mason*, 97 F.3d at 893. The trial judge had the discretion to order a fitness examination of Oliver at any point in the proceedings. 725 ILCS 5/104-11 ("The issue of the defendant's fitness for trial . . . may be raised by . . . the Court at any appropriate time"). Accordingly, appellate counsel's performance was not unreasonable and Oliver was not prejudiced.

Similarly, it was reasonable for appellate counsel not to advance the speedy trial violation

6

arguments. Appellate counsel *did* raise a speedy trial violation argument on direct appeal. *Id.* at 56. Appellate counsel argued that Oliver's speedy trial rights were denied because: (1) the administrative delays surrounding Oliver's fitness examination were incorrectly charged to Oliver, (2) the trial court erred when it denied Oliver's motion to dismiss for violation of the Speedy Trial Act, and (3) it was the state's responsibility to proceed to trial within 120 days of Oliver's detention. *Id.* Oliver's appellate counsel had the discretion to select the arguments he believed had the best chance of prevailing and was not required to assert every possible speedy trial violation argument. *Mason*, 97 F.3d at 893.

Even if appellate counsel had argued that Oliver's speedy trial rights were violated because the three fitness examination orders superseded each other rendering them void and the delay unchargeable to Oliver, or trial counsel failed to adequately protect Oliver's rights during the fitness proceedings, it is unlikely that the outcome of the appeal would have been different. On direct appeal, the state appellate court found it well-established that administrative delays or continuances of fitness examination orders toll the speedy trial term. State Ex. A (*People v. Oliver*, No. 1-00-2089 at 37 (Ill. App. Dec. 12, 2002)); *see also* 725 ILCS 5/103-5(a). In other words, the speedy trial term was tolled during the entire 83-day period between the judge's original order and the performance of the fitness examination. Whether or not the subsequent fitness examination orders superseded each other or trial counsel had objected to the orders, the speedy trial term was nonetheless tolled pending the fitness examination. There was no violation of Oliver's speedy trial rights. Accordingly, appellate counsel's failure to raise the related arguments was objectively reasonable and Oliver was not prejudiced.

Based on the record, the state appellate court's summary denial of Oliver's motion to

supplement the appellate brief was correct because Oliver's representation on direct appeal did not fall below an objective standard of reasonableness, nor was Oliver prejudiced by counsel's performance. *Strickland*, 466 U.S. at 687.

## III. Judicial Estoppel

Oliver contends the state appellate court violated his Fourteenth Amendment due process rights when it improperly allowed the state to argue both: (1) that a *bona fide* doubt of fitness *did* exist when the trial judge ordered the fitness examination; and (2) that a *bona fide* doubt of fitness *did not* exist when the trial judge allowed Oliver to represent himself. He claims the state was judicially estopped from making these arguments. The state argues that this claim is not cognizable because the doctrine of judicial estoppel does not provide a basis for federal *habeas* relief.

Federal courts entertain *habeas* petitions "*only* on the ground that [the petitioner] is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C § 2254(a) (emphasis added). Judicial estoppel is an equitable doctrine designed to protect the integrity of the judicial process; it is not mandated by the Constitution, laws, or treaties of the United States. *Jarrard v. CDI Telecom, Inc.*, 408 F.3d 905, 914 (7th Cir. 2005); *see also Nichols v. Scott*, 69 F.3d 1255, 1272 (5th Cir. 1995) (finding no authority that judicial estoppel doctrine is constitutionally mandated). State judicial estoppel doctrines may differ from those applied in federal courts. *Jarrard*, 408 F.3d at 914. Accordingly, Oliver has no federal right that required the state appellate court to apply the federal doctrine of judicial estoppel.

## CONCLUSION

Oliver has not procedurally defaulted his ineffective assistance of appellate counsel claims. For the foregoing reasons, his petition for a writ of *habeas corpus* is denied on the merits.

8

ENTER:

August 22, 2007

Suzanne B. Conlon

Suzanne B. Conlon
United States District Judge

9